UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sushi Avenue, Inc.

    v.                                                Case No. 19-cv-428-JD

Philbrick's Fresh Market, LLC

**REPORT AND RECOMMENDATION**

The plaintiff, Sushi Avenue, Inc. ("Sushi Avenue"), brought suit against Philbrick's Fresh Market, LLC ("Philbrick's") alleging claims arising from an unpaid debt. The debt relates to an agreement under which Sushi Avenue operated a sushi kiosk in a Philbrick's grocery store. On August 12, 2019, the Chief Deputy Clerk of Court entered default against Philbrick's for failure to retain new counsel within 21 days of its previous counsel's withdrawal from the case. See doc. no. 12. Before the court for Report and Recommendation is the plaintiff's motion for default judgment (doc. no. 14). See Fed. R. Civ. P. 55(b)(2). For the reasons that follow, the court recommends that the plaintiff's motion be granted in part and denied in part.

**Standard of Review**

After default is entered and when the amount at issue is

not a sum certain, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); see also KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003). Before entering a default judgment, the court "may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." Ramos-Falcón v. Autoridad de Energía Electríca, 301 F.3d 1, 2 (1st Cir. 2002) (citing Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992)). The defaulted party is "taken to have conceded the truth of the factual allegations in the complaint . . . ." Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002) (quoting Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999)). The defaulted party does not, however, "admit the legal sufficiency of those claims." 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013). In short, "before entering default judgment, the court must determine whether the admitted facts state actionable claims." United States v. Sullender, No. 16-cv-523-LM, 2018 WL 1368040, at *1 (D.N.H. Mar. 16, 2018).

## Background

By virtue of its default, Philbrick's concedes the following facts alleged in the plaintiff's complaint. Sushi

Avenue, a Minnesota corporation with its principal place of business in Minnesota, operates sushi kiosks out of grocery stores across the United States. See doc. no. 1 ¶¶ 1, 6. On or about August 2, 2017, Sushi Avenue entered into an agreement (the "Agreement") with Philbrick's to operate a sushi kiosk in its Portsmouth, New Hampshire retail store. See doc. no. 1 ¶ 7; doc. no. 1-1. Under the Agreement, Sushi Avenue would provide sushi products and related services at the kiosk and Philbrick's would pay Sushi Avenue 75% of the actual retail sales of sushi products sold. See doc. no. 1 ¶ 8; doc. no. 1-1. These payments would be due on a weekly basis. See doc. no. 1-1. The Agreement required Philbrick's to provide Sushi Avenue a regular and accurate accounting of all sushi sales. See id.

Between January 1, 2018 and March 11, 2018,[1] Philbrick's made only some of its required payments to Sushi Avenue. See doc. no. 1 ¶ 9. Between March 11, 2018 and August 19, 2018,[2]

---

[1] In paragraph 17 of the complaint (doc. no. 1), Sushi Avenue states that this period of sporadic payments ran from January 7, 2018 to March 18, 2018. Additionally, in Sushi Avenue's memorandum of law in support of its motion for default judgment (doc. no. 14-1), it also references March 18 as the date when Philbrick's ceased payments. As this discrepancy does not appear to affect the damages calculation, the court will disregard it.

[2] In its memorandum of law (doc. no. 14-1), Sushi Avenue revises the end date of this period from August 19, 2018 to September 9, 2018. The court addresses this discrepancy below.

Philbrick's failed to make any payments to Sushi Avenue, while Sushi Avenue continued to provide products and services to Philbrick's. See doc. no. 1 ¶¶ 9, 17. On September 4, 2018,[3] Sushi Avenue sent a letter to Philbrick's demanding payment, pursuant to the Agreement, by September 10, 2018. See doc. no. 1 ¶ 11. It is undisputed that the outstanding balance was $80,939.90. See doc. no. 1 ¶ 22. On September 6, 2018, Philbrick's sent a "good faith" payment of $5,000 toward the $80,939.90 balance but stated it could not make further payments. See doc. no. 1 ¶ 12. On September 13, 2018, Sushi Avenue indicated that the $5,000 payment was insufficient and demanded payment in full or agreement to a payment plan. See doc. no. 1 ¶ 13. Sushi Avenue has not presented the "good faith" check for payment. See id.

## Discussion

Sushi Avenue brings three claims against Philbrick's: (1) Breach of contract (Count I); (2) Account stated (Count II); and

---

[3] Paragraph 11 of the complaint states that the letter was sent on September 10, 2018. However, as this date would conflict with the deadline provided in the letter (doc. no. 1 ¶ 11) and Philbrick's September 6 response (doc. no. 1 ¶ 12), as well as the September 4 date that Sushi Avenue references in its memorandum of law (doc. no. 14-1), the court will assume that the September 4 date is correct.

(3) Unjust enrichment (Count III).  Sushi Avenue seeks $80,939.90 in damages for the amount owed under the Agreement, plus interest.  Sushi Avenue also seeks attorneys' fees and costs.

**I. Liability**

A. Breach of Contract (Count I)

Under New Hampshire law,[4] "a breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract."  BAE Sys. Info. & Elecs. Sys. Integration, Inc. v. SpaceKey Components, Inc., 941 F. Supp. 2d 197, 213 (D.N.H. 2013), aff'd, 752 F.3d 72 (1st Cir. 2014) (quoting Axenics, Inc. v. Turner Constr. Co., 164 N.H. 659, 668 (2013)) (brackets and internal quotation marks omitted).

Under the Agreement, Philbrick's was required to pay Sushi Avenue 75% of the actual retail sales for sushi products sold.

---

[4] Neither party has addressed whether to apply New Hampshire's or Minnesota's substantive law.  In a diversity action, "the court applies the choice-of-law rules of the forum state. . . ."  Patrick v. Massachusetts Port Auth., 141 F. Supp. 2d 180, 187 n.6 (D.N.H. 2001).  Under New Hampshire's choice-of-law rules, "when more than one state may have an interest . . . the court must first decide whether New Hampshire law actually conflicts with the laws of the other interested states."  Id. If there is no conflict, no additional analysis is necessary. Id.  Here, there is no conflict between New Hampshire and Minnesota law.  See Lyon Financial Services, Inc. v. Illinois Paper and Copier Co., 848 N.W.2d 539, 543 (Minn. 2014).

See doc. no. 1 ¶ 8. In its complaint, Sushi Avenue alleges that Philbrick's breached the Agreement by making sporadic payments between January 1, 2018 and March 11, 2018, and no payments between March 11, 2018 and August 19, 2018, while Sushi Avenue continued to perform its contractual duties. See doc. no. 1 at ¶¶ 9, 16-17. Sushi Avenue's complaint asserts that these missed payments totaled $80,939.90. See doc. no. 1 at ¶ 17. Accepting these allegations as true, Philbrick's breached its obligations under the Agreement.

B. Other Claims (Counts II – III)

Because Sushi Avenue has adequately alleged its breach of contract claim and each count seeks identical damages, the court recommends the district judge deny Counts II and III.

**II. Damages**

"In the case of defaulting defendants, allegations of damages are not deemed admitted in the context of a default judgment, and it is the plaintiff's burden to establish any entitlement to recovery." Joe Hand Promotions, Inc. v. Rajan, No. 10-40029-TSH, 2011 WL 3295424, at *3 n.2 (D. Mass. July 28, 2011) (internal quotation marks and citation omitted). Sushi Avenue seeks to recover damages for (1) the amounts due under

6

the Agreement, plus interest and (2) attorneys' fees and costs.[5]

A. Contractual damages and interest

The Agreement provides that "[c]lient will pay Vendor 75% of the actual retail sales (excluding taxes) of the pre-packed sushi products sold." Doc. no. 1-1. It further states that "[p]ayments shall be due and owing every week from Monday through Sunday." Id.

In its complaint, Sushi Avenue seeks $80,939.90 in unpaid charges for goods and services provided under the Agreement. In its motion for default judgment, however, Sushi Avenue seeks to recover $88,568.79 for those amounts. In support of its motion, Sushi Avenue includes an affidavit from its president stating that $88,568.79 represents the amount due and a table listing each of the outstanding amounts due and the total due. See doc. no. 14-2 at ¶ 5.

"A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment

---

[5] In its complaint, Sushi Avenue pleads punitive damages. See doc. no. 1 ¶ 3. As Sushi Avenue does not seek punitive damages in its motion for default judgment, the court need not address the issue here. However, to the extent that Sushi Avenue seeks punitive damages, such damages are not recoverable under New Hampshire law. See N.H. Rev. Stat. Ann. § 507:16.

in that amount." Trustees of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Sheehe, No. DKC 11-0365, 2011 WL 5034830, at *2 (D. Md. Oct. 21, 2011); see also Outram v. Outram, No. 08-3437 (ADS)(ETB), 2010 WL 1222935, at *2 (E.D.N.Y. Mar. 4, 2010) (holding that in the context of a motion for default judgment, the "plaintiff may not recover money damages in excess of that pleaded in her Amended Complaint"), report and recommendation adopted, No. 08-CV-3437(ADS)(ETB), 2010 WL 1222893 (E.D.N.Y. Mar. 23, 2010); Jackson v. Vogt, No. 09-4569, 2009 WL 3756563, at *3 n.1 (E.D. La. Nov. 5, 2009) (awarding the plaintiff the amount alleged in her complaint despite evidence submitted with her motion for default judgment showing she may have been entitled to an additional $138).

Sushi Avenue does not address the discrepancy between the damages figure in its complaint and the amount it seeks in its motion for default judgment. Based on the court's reading, it appears that Sushi Avenue may have added missed payments for the period between August 19, 2018 and September 9, 2018 to its damages calculation. However, Sushi Avenue is limited to the damages alleged in its complaint,[6] and the court recommends that

---

[6] While paragraph 14 of the complaint asserts that the "sums due and owing to Sushi Avenue under the Contract continue to accumulate," this general allegation cannot reasonably be construed to cover additional amounts due from August and

the district judge award damages in the amount of $80,939.90, plus interest.[7]

B. <u>Attorneys' fees and costs</u>

"The party seeking the [fee] award has the burden of producing materials that support the request." <u>Hutchinson ex rel. Julien v. Patrick</u>, 636 F.3d 1, 13 (1st Cir. 2011) (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)). Sushi Avenue has requested attorneys' fees and costs but does not provide any basis for such an award. <u>See</u> doc. no. 14. Instead, Sushi Avenue seeks permission to submit a separate affidavit regarding attorneys' fees within ten days of the default judgment order. <u>See</u> <u>id.</u> The court therefore recommends that the district judge deny Sushi Avenue's request for attorneys' fees and costs without prejudice to filing a motion seeking such relief, with supporting documentation, within ten (10) days of the date of the district judge's order approving or rejecting this Report and Recommendation.

---

September 2018. Thus, Sushi Avenue is limited to the actual damages pleaded in the complaint, plus interest. <u>See</u> doc. no. 1 ¶¶ 18, 23.

[7] As the Agreement does not include an interest provision, Sushi Avenue may only recover interest as provided under New Hampshire law. <u>See</u> doc. no. 1-1; <u>see also</u> N.H. Rev. Stat. Ann. § 524:1-b; <u>Healy v. Franklin Elec. Co., Inc.</u>, No. 08-cv-503-PB, 2011 WL 32522, at *1 (D.N.H. Jan. 5, 2011) ("State law applies to an award of prejudgment interest in diversity suits.").

## Conclusion

For the foregoing reasons, the court recommends that the district judge: (1) grant Sushi Avenue's motion for default judgment (doc. no. 14) on Count I; (2) deny the motion for default judgment as to Counts II and III; (3) award Sushi Avenue $80,939.90, plus interest; and (4) deny Sushi Avenue's request for attorneys' fees and costs without prejudice to filing a motion seeking such relief within ten (10) days of the date of the district judge's order on this Report and Recommendation. In light of the foregoing, the damages hearing scheduled for September 30, 2019 is cancelled.

Any objection to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_/s/ Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

September 17, 2019

cc: Blair A. Harrington, Esq.
    Thomas P. Harlan, Esq.
    Frederick B. Finberg, Esq.
    Philbrick's Fresh Market, LLC, Pro Se