UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sushi Avenue, Inc.

    v.                                            Civil No. 19-cv-428-JD

Philbrick's Fresh Market, LLC

O R D E R

Sushi Avenue, Inc. brought suit against its former customer, Philbrick's Fresh Market, LLC, alleging claims for breach of contract (Count I), account stated (Count II), and unjust enrichment (Count III). Philbrick's filed its answer. Philbrick's counsel then withdrew from representation.

On June 11, 2019, Philbrick's was ordered to have counsel file an appearance on its behalf within twenty-one days or the case would be referred to a judicial officer for an appropriate sanction. No appearance was filed on behalf of Philbrick's within the time allowed. On August 12, 2019, the clerk of court entered default against Philbrick's.

Sushi Avenue filed a motion for default judgment supported by a copy of its contract with Philbrick's and the affidavit of its president, Nay Hla. In support, Sushi Avenue cited Philbrick's failure to obtain counsel and the default entered against Philbrick's. It also argued that a hearing was not

necessary to determine damages because only arithmetic was needed for that calculation and provided the amounts due supported by the affidavit of Nay Hla. Philbrick's did not respond to the motion.

The magistrate judge issued a report and recommendation on the motion for default judgment. In the report, the magistrate found that the admitted facts supported Philbrick's liability on the breach of contract claim, Count I. Because that claim was viable and Sushi Avenue sought the same damages under Counts II and III, the magistrate judge recommended that the court dismiss Counts II and III. With respect to damages, the magistrate judge noted the difference between the amount sought in the complaint and the amount demanded in the motion and applied the rule that the damages awarded under a default judgment cannot differ from the amount sought in the complaint. Fed. R. Civ. P. 54(c).

The magistrate judge recommends that the court enter default judgment on Count I, dismiss Counts II and III, and award $80,939.90 in damages, which is the amount sought in the complaint. The magistrate also recommends that the court deny Sushi Avenue's request for attorneys' fees and costs without prejudice to filing a motion for that relief after entry of default judgment. Neither party filed an objection to the report and recommendation.

## Discussion

When a report and recommendation is filed by a magistrate judgment and after the time for written objections has passed, a judge of the court must make a de novo determination as to any parts of the report and recommendation to which there is an objection. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. In addition, the judge may receive additional evidence or return the matter to the magistrate judge with instructions. Id.

There being no objection by either party, no part of the report and recommendation is subject to de novo review. Based on the facts alleged in the complaint and the proof of damages provided in the affidavit of Nay Hla, the court agrees that default judgment, as recommended, is appropriate in this case.

## Conclusion

For the foregoing reasons, the report and recommendation (document no. 15) is accepted and adopted. The plaintiff's motion for default judgment (document no. 14) is granted, in part, as follows:

(1) default judgment is granted in favor of Sushi Avenue on its breach of contract claim, Count I;

3

(2) the claims for account stated in Count II and unjust enrichment, Count III, are dismissed;

(3) damages are awarded to Sushi Avenue in the amount of $80,939.90; and

(4) if Sushi Avenue seeks an award of attorneys' fees and costs, it shall file a properly supported motion for that purpose **on or before October 18, 2019.**

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 3, 2019

cc: John K. Bosen, Esq.
    Frederick B. Finberg, Esq.
    Thomas P. Harlan, Esq.
    Blair A. Harrington, Esq.
    Philbrick's Fresh Fish Market, LLC